IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |
|---|---|
| IRAOLA GROUP INC., | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-21-820 |
| TIMD-20, LLC, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Iraola Group Inc. filed suit against Defendants TIMD-20, LLC, TIMD-25, LLC, and Andre Harper for failure to make payment on promissory notes. ECF No. 1. The clerk entered default against all defendants on May 6, 2021. ECF No. 16. Presently pending before the court is Defendant Harper's Motion to Vacate Clerk's Entry of Default, which is purportedly filed on behalf of all three defendants. ECF No. 20. A hearing on the Motion is not necessary. *See* Loc. R. 105.6 (D. Md. 2021).[1] For the reasons stated below, the Court will grant the Motion as to Defendant Harper but deny it as to Defendants TIMD-20 and TIMD-25.

**I.    BACKGROUND[2]**

Plaintiff Iraola Group is a Washington, DC, corporation. ECF No. 1 ¶ 1. Defendant TIMD-20 is a Maryland limited liability company with its principal place of business in Maryland. *Id.* ¶ 2. Defendant TIMD-25 is a Maryland limited liability company with its principal

---

[1] Defendant Harper requested a hearing on the Motion, *see* ECF No. 20 at 3, but the Court finds that it is not necessary.

[2] All facts herein are taken from Plaintiff's Complaint, ECF No. 1.

1

place of business in Maryland. *Id.* ¶ 3. Defendant Harper is one of two members of both TIMD-20 and TIMD-25. *Id.* ¶¶ 2, 3.[3] Plaintiff has sued Defendants for failure to pay two promissory notes. *Id.* ¶ 11.

The first promissory note relates to a property located at 1018 S. Bouldin St., Baltimore, MD 21224 (the "1018 S. Bouldin Note"). *Id.* ¶ 13. On January 30, 2019, Defendant TIMD-20 and Iraola LLC ("Assignor Entity"), entered into a contract entitled "promissory note." *Id.* Iraola LLC loaned $52,000 to Defendant TIMD-20 to finance renovations and sale of the 1018 S. Bouldin St. property. *Id.*; *see also* Exhibit A. Per the note, Defendant TIMD-20 agreed to repay a total principal amount of $69,160, calculated as repayment of the $52,000 original loan plus a fixed interest payment of $17,160. *Id.* ¶ 14. Defendant TIMD-20 agreed to repay the balance in full "no later than 15 business days" after the closing and sale of the 1018 S. Bouldin Property to a third party." *Id.* ¶ 15.

The 1018 S. Bouldin Note also specified that Assignor Entity would hold second lien position after another lender, Navigator Private Capital, LLC, and that late payment fees of 10% would be applied beginning six months after purchase of the 1018 S. Bouldin Property until the balance was paid. *Id.* ¶¶ 16, 17. The 1018 S. Bouldin Note also specified that it could be assigned without notice and that the note may be enforced by a subsequent holder. *Id.* ¶ 19.

Defendant TIMD-20 acquired the 1018 S. Bouldin Property on November 1, 2019. *Id.* ¶ 21. Shortly after this, first lien holder Navigator assigned its instrument to 1Share Opportunity Intermediate Trust. *Id.* ¶ 23. In February 2020, Assignor Entity wired $52,000 to Defendant TIMD-20 to fund the principal loan pursuant to the note. *Id.* ¶ 24. Defendant used the funds to renovate and improve the property. *Id.* ¶ 25.

---

[3] The other member of the LLCs is not a party to the action. *See* ECF No. 1 ¶¶ 2, 3.

On or about January 11, 2021, Defendant Harper represented to Plaintiff that TIMD-20 had sold the 1018 S. Boudin Property for $385,000. *Id.* ¶ 26. Defendant TIMD-20 then satisfied its obligation to 1Share's security interest in the property. *Id.* ¶ 29. However, TIMD-20 did not pay Assignor Entity the $69,160 balance. *Id.* ¶ 27. In addition, though TIMD-20 satisfied 1Share's note and represented that the property had been sold, there was no corresponding deed reflecting the sale of the property. *Id.* ¶ 30. Defendant Harper told Assignor Entity that Defendants were "trying to figure out how to rectify the situation" and were "working on getting the money paid." *Id.* ¶ 28.

The second promissory note relates to property located at 1512 Henry Street, Baltimore, MD 21230 (the "1512 Henry Note"). *Id.* ¶ 34. On December 12, 2019, Defendant TIMD-25 and Assignor Entity entered into a written contract entitled "promissory note," wherein Assignor Entity agreed to loan $90,000 to finance renovations and sale of real property located at 1512 Henry Street. *Id.* ¶ 35; *see also* Exhibit B. TIMD-25 agreed to repay a total amount of $117,000, calculated as repayment of the $90,000 original loan plus a fixed interest payment of $27,000. *Id.* ¶ 36. Defendant TIMD-25 agreed to repay the $117,000 balance in full "no later than 5 business days" after the closing and sale of the 1512 Henry Property to a third party. *Id.* ¶ 37. The note also specified that Assignor Entity would hold second lien position after Navigator. *Id.* ¶ 38. The 1512 Henry Note further provided that in the event of a default, late payment fees of 8% would begin six months after purchase of the 1512 Henry Property until the balance is paid. *Id.* ¶ 39. The 1512 Henry Note also provided that the note may be transferred without notice and enforced by a subsequent holder. *Id.* ¶ 41.

On December 19, 2019, TIMD-25 acquired the 1512 Henry Property. *Id.* ¶ 42. On May 28, 2020, Navigator assigned its instrument to CL-CH Residential Credit Ops 1, LLC, *id.* ¶ 45,

which in turn assigned the instrument to Churchill Funding I LLC, *id.* ¶ 46. TIMD-25 used Assignor Entity's funds to renovate and improve the Henry property. *Id.* ¶ 47. In mid-January of 2019, Defendant Harper told Assignor Entity that the 1512 Henry Property was running over budget and behind schedule. *Id.* ¶ 50. Defendant Harper also represented that they would not be able to make payment. *Id.*

On March 24, 2021, Assignor Entity executed an assignment and transfer of the 1512 Henry Note to Plaintiff. *Id.* ¶ 52. On March 30, 2021, Assignor Entity also executed an assignment and transfer of the 1018 S. Bouldin Note to Plaintiff. *Id.* ¶ 32. Thus, Plaintiff now holds and possesses all rights previously held by the Assignor Entity in regard to both notes. *Id.* ¶¶ 32, 52.

On March 31, 2021, Plaintiff filed the Complaint, asserting breach of contract or, in the alternative, unjust enrichment against Defendants TIMD-20 and Harper, *id.* ¶¶ 95, 106, and anticipatory repudiation against Defendants TIMD-25 and Harper, *id.* ¶ 118. Plaintiff also asked for injunctive relief to prevent Defendants TIMD-25 or Harper from selling the 1512 Henry Property until payment is made on the note, *id.* ¶ 125, and declaratory judgment against Defendants TIMD-20 and Harper regarding Plaintiff's right to assert a lien as a secured creditor on the 1018 S. Bouldin Property, *id.* ¶ 132. Plaintiff also asked for declaratory judgment for the right to assert a lien as a secured creditor as to the 1512 Henry Property. *Id.* ¶ 138. Plaintiff also asserted that Defendant Harper should be held liable for obligations attributable to TIMD-20 and TIMD-25 under veil-piercing and alter-ego theories. *Id.* ¶ 55.

Defendants were served and failed to timely respond to the Complaint. On May 4, 2021, Plaintiff moved for Clerk's Entry of Default as to all Defendants, ECF Nos. 13, 14, 15, which was granted on May 6, 2021, ECF No. 16. On June 3, 2021, Defendant Harper filed a pro se

motion to vacate the order of default. ECF No. 20. Plaintiff filed a response in opposition. ECF No. 21.

## II. STANDARD OF REVIEW

A "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). However, "[t]he Fourth Circuit has repeatedly expressed a strong preference that, as a matter of general policy, 'defaults be avoided and that claims and defenses be disposed of on their merits.'" *Levere v. Signature Properties, LLC*, No. 21-cv-1929-ELH, 2021 WL 5494533, at *2 (D. Md. Nov. 23, 2021) (quoting *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010)). Thus, motions to set aside default "must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). "The court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c).

## III. DISCUSSION

The Court must address two issues. First, the Court must address whether Defendant Harper may file the Motion to Vacate on behalf of all three defendants. Second, the Court must address whether Defendant Harper has met the factors favoring vacation.

### A. Defendants TIMD-20 and TIMD-25

The clerk entered default against all three defendants. ECF No. 16. Defendant has filed the Motion to Vacate pro se on behalf of himself, Defendant TIMD-20, and Defendant TIMD-25. ECF No. 20. Plaintiff argues that the Motion to Vacate should be outright denied as to Defendants TIMD-20 and TIMD-25 because limited liability companies may only appear through a licensed attorney. ECF No. 21 at 3.

"[I]t 'has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.'" *Williams v. Dee Miracle Auto Grp., LLC*, No. 15-cv-2466, 2016 WL 363829, at *2 (D. Md. Jan. 29, 2016) (quoting *Roland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993)). And "the same is true of a limited liability company or LLC." *Williams*, 2016 WL 363829, at *2 (citing *Cluck-U, Corp. v. C.U.C. of Md., Inc.*, No. 10-cv-2105-DKC, 2010 WL 3516937, at *1 (D. Md. Sept. 7, 2010)). A "'non-human' entity is fundamentally unable to act in a court proceeding except through an attorney." *Jacobs v. HP Enter. Servs., LLC*, No. 12-cv-3551, 2013 WL 174500, at *1 (D. Md. Jan. 16, 2013). "Individuals who are parties in civil cases may only represent themselves." Loc. R. 101.1 (D. Md. 2021). Accordingly, "an LLC cannot represent itself or appear through a non-attorney member." *Williams*, 2016 WL 363829, at *2.

As he has attested, Defendant Harper is not an attorney. ECF No. 20 ¶ 3. Thus, he may not represent any other party in a civil suit, and he may not file the Motion to Vacate on behalf of either TIMD-20 or TIMD-25. The Motion to Vacate as to those defendants must be denied. *See, e.g.*, *Williams*, 2016 WL 363829, at *3 (denying the motion to vacate default judgment as to the LLC defendant but granting it as to the member defendant). However, the Court will deny the Motion without prejudice to the right of either TIMD-20 or TIMD-25 to file a new motion, properly through counsel, within 30 days of the accompanying order. *See id.*

**B. Defendant Harper**

"When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Est. of*

6

*Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006); *see also Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001).

First, this Court must look at whether Defendant Harper has proffered evidence of a meritorious defense. "All that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit the court to find for the defaulting party." *Armor v. Michelin Tire Corp.*, 113 F.3d 1231, at *2 (4th Cir. 1997). "[T]he moving party should proffer evidence which would permit a finding for the defaulting party." *Life Ins. Co. of N. Am. v. Monroe*, 236 F.R.D. 255, 256 (D. Md. 2006); *see also Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988). "[T]he moving party does not have to prove conclusively that he would prevail, only that there is sufficient evidence to permit a court to find in his favor." *Wainwright's Vacations, LLC*, 130 F. Supp. 2d at 718.

Here, Defendant Harper has proffered evidence in the form of an affidavit to argue that he would not be liable for the debts of either TIMD-20 or TIMD-25. ECF No. 20-1. Defendant Harper claims that, at all times, he complied with corporate formalities, including separate bank accounts and holding board meetings. *Id.* ¶ 2. He argues that he was not a party to the contracts and therefore cannot be held personally liable for the debts of the corporations. *Id.* ¶ 3. In addition, he argues that the contract as to TIMD-25 has not even been breached yet, as the Henry Property has not been sold, so there is no basis for the claim against TIMD-25. *Id.* ¶ 5. He also argues that, with respect to the claims against TIMD-20, he was in constant communication with Plaintiff and Assignor Entity and that he understood that the "payment terms were modified." *Id.* ¶ 7. Defendant Harper has provided facts that show that he may have meritorious defenses against the claims in the Complaint.

Next, the Court must look at whether Defendant Harper acted with reasonable promptness in moving to set aside the entry of default. "Courts must consider the specific facts and circumstances of each occasion when determining whether a defendant acted in a reasonably prompt manner when moving to set aside a default." *Propps v. Kirkpatrick*, No. 21-cv-01744-SAG, 2021 WL 4951930, at *2 (D. Md. Oct. 25, 2021) (internal quotations and citations omitted); *see also United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("Whether a party has taken 'reasonably prompt' action, of course, must be gauged in light of the facts and circumstances of each occasion[.]"). Defendant Harper argues that, upon receiving the notice, he immediately consulted with an attorney. ECF No. 20 ¶ 3. The Notice of Default was sent on May 6, 2021. ECF No. 17. In the notice, Defendant Harper was advised that he had thirty days to file a motion to vacate. *Id.* Defendant Harper filed the Motion to Vacate on June 3, 2021. ECF No. 20. The Court determines that Defendant Harper acted within 30 days and therefore with reasonable promptness. *See, e.g.*, *Makowske v. Lincoln Life Assurance Co. of Bos.*, No. 21-cv-1439-SAG, 2021 WL 3288365, at *2 (D. Md. Aug. 2, 2021) ("Defendant filed its Motion to Set Aside Default just fifteen days after the entry of default, well within the thirty-day deadline set by the state court. For comparison, the Court has held that a defendant acted reasonably promptly when filing a Motion to Vacate a Default 33 days after the entry of default.").

Next, this Court must look at the personal responsibility of Defendant Harper and whether he has a history of dilatory action in the suit. Courts should look at whether the "delay was motivated by any intent on Defendant's part to disregard or derail the legal process." *Propps*, 2021 WL 4951930, at *2. Defendant Harper was due to respond to the Complaint by April 29, 2021, and Plaintiff moved for an Entry of Default on May 4, 2021—just under a week later. Defendant Harper then responded within the 30 days provided to the Notice of Default.

Defendant was not unreasonably delayed either in response to the Complaint or to the Entry of Default. *See, e.g.*, *Levere*, 2021 WL 5494533, at *2 ("[Defendant] acted with reasonable promptness, especially considering that [Plaintiff] moved almost immediately for default following the expiration of the time to respond to the Complaint."); *Lawbaugh*, 359 F. Supp. 2d at 422 (entry of default judgment was appropriate because "Defendant has been unresponsive for more than a year.").

Finally, this Court must look at whether vacating the entry of default would prejudice Plaintiff. The Fourth Circuit has explained that "delay in and of itself does not constitute prejudice to the opposing party." *Colleton Preparatory Acad., Inc.*, 616 F.3d at 418. Where there is a "brief delay" in the adversarial process, courts will generally find that there is no prejudice to plaintiff. *See, e.g.*, *Levere*, 2021 WL 5494533, at *2 (granting motion to vacate because "there is no prejudice to [Plaintiff] by a brief delay to permit the adversarial process to resume"). While Plaintiff argues that Defendant cannot show good cause, Plaintiff has not argued that it would suffer prejudice, nor it is obvious to the Court that Plaintiff would suffer any prejudice by the delay.

In conclusion, keeping in mind the Fourth Circuit's preference that default should be avoided and because several factors are in Defendant Harper's favor, this Court vacates the default entered against Defendant Harper.

## IV.     CONCLUSION

For the reasons discussed, the Motion to Vacate Clerk's Entry of Default against Defendant Harper is **GRANTED**. Defendant Harper must file a responsive pleading within 21 days. However, the Motion to Vacate against Defendants TIMD-20 and TIMD-25 is **DENIED**. The denial is without prejudice to the right of TIMD-20, TIMD-25, or both to file a new Motion to Vacate, through counsel, within 30 days. A separate Order follows.

Dated:  January    21, 2022                              /s/_____
                                                                                                                    GEORGE J. HAZEL
                                                                                                                    United States District Judge