**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

|  |  |  |
|---|---|---|
| **IRAOLA GROUP INC.,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No.: GJH-21-820** |
| **TIMD-20, LLC,** *et al.*, | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Iraola Group Inc. filed suit against Defendants TIMD-20, LLC, TIMD-25, LLC, and Andre Harper for failure to make payment on promissory notes. ECF No. 1. The clerk entered default against all Defendants on May 6, 2021. ECF Nos. 17-19. The Court granted Defendant Harper's Motion to Vacate Default and ordered Defendant Harper to respond within 21 days. ECF No. 23. The Court denied the Motion to Vacate Default as to Defendants TIMD-20 and TIMD-25 but granted them 30 days to appear through counsel. *Id.* Presently pending before the Court is Plaintiff's renewed Motion for Default Judgment as to all Defendants. ECF No. 24. A hearing on the Motion is not necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, the Court will grant the Motion.[1]

---

[1] Previously, the Court denied Plaintiff's emergency Motion for a Temporary Restraining Order without prejudice. *See* ECF No. 27. The Court will deny Defendant Harper's Motion to Dismiss, ECF No. 30, as untimely.

I.       **BACKGROUND**[2]

Plaintiff Iraola Group is a Washington, DC, corporation. ECF No. 1 ¶ 1. Defendant

TIMD-20 is a Maryland limited liability company with its principal place of business in

Maryland. *Id.* ¶ 2. Defendant TIMD-25 is a Maryland limited liability company with its principal

place of business in Maryland. *Id.* ¶ 3. Defendant Harper is one of two members of both TIMD-

20 and TIMD-25. *Id.* ¶¶ 2, 4.[3] Plaintiff sued Defendants for failure to pay two promissory notes.

*Id.* ¶ 11.

The first promissory note relates to a property located at 1018 S. Bouldin St., Baltimore,

MD 21224 (the "1018 S. Bouldin Note"). On January 30, 2019, Defendant TIMD-20 and Iraola

LLC ("Assignor Entity"), entered into a contract entitled "promissory note." *Id.* ¶ 13. Iraola LLC

loaned $52,000 to Defendant TIMD-20 to finance renovations and sale of the 1018 S. Bouldin

St. property. *Id.*; *see also* Exhibit A. Per the note, Defendant TIMD-20 agreed to repay a total

principal amount of $69,160, calculated as repayment of the $52,000 original loan plus a fixed

interest payment of $17,160. *Id.* ¶ 14. Defendant TIMD-20 agreed to repay the balance in full

"no later than 15 business days" after the closing and sale of the 1018 S. Bouldin Property to a

third party. *Id.* ¶ 15. The 1018 S. Bouldin Note also specified that it could be assigned without

notice and that the note may be enforced by a subsequent holder. *Id.* ¶ 19.

Defendant TIMD-20 acquired the 1018 S. Bouldin Property on November 1, 2019. *Id.* ¶

21. Shortly after this, first lien holder Navigator assigned its instrument to 1Share Opportunity

Intermediate Trust. *Id.* ¶ 23. In February 2020, Assignor Entity wired $52,000 to Defendant

---

[2] The Court outlined a longer background of this case in the previous Memorandum Opinion. ECF No. 22.

[3] The other member of the LLCs is not a party to the action. *See* ECF No. 1 ¶¶ 2, 3.

TIMD-20 to fund the principal loan pursuant to the note. *Id.* ¶ 2. Defendant used the funds to renovate and improve the property. *Id.* ¶ 25.

On or about January 11, 2021, Defendant Harper represented to Plaintiff that TIMD-20 had sold the 1018 S. Bouldin Property for $385,000. *Id.* ¶ 26. Defendant TIMD-20 then satisfied its obligation to 1Share's security interest in the property. *Id.* ¶ 29. However, TIMD-20 did not pay Assignor Entity the $69,160 balance. *Id.* ¶ 27. In addition, though TIMD-20 satisfied 1Share's note and represented that the property had been sold, there was no corresponding deed reflecting the sale of the property. *Id.* ¶ 30. Defendant Harper told Assignor Entity that Defendants were "trying to figure out how to rectify the situation" and were "working on getting the money paid." *Id.* ¶ 28.

The second promissory note relates to property located at 1512 Henry Street, Baltimore, MD 21230 (the "1512 Henry Note"). On December 12, 2019, Defendant TIMD-25 and Assignor Entity entered into a written contract entitled "promissory note," wherein Assignor Entity agreed to loan $90,000 to finance renovations and sale of real property located at 1512 Henry Street. *Id.* ¶ 35; *see also* Exhibit B. TIMD-25 agreed to repay a total amount of $117,000, calculated as repayment of the $90,000 original loan plus a fixed interest payment of $27,000. *Id.* ¶ 36. Defendant TIMD-25 agreed to repay the $117,000 balance in full "no later than 5 business days" after the closing and sale of the 1512 Henry Property to a third party. *Id.* ¶ 37. The 1512 Henry Note also provided that the note may be transferred without notice and enforced by a subsequent holder. *Id.* ¶ 41.

On December 19, 2019, TIMD-25 acquired the 1512 Henry Property. *Id.* ¶ 42. On May 28, 2020, Navigator assigned its instrument to CL-CH Residential Credit Ops 1, LLC, *id.* ¶ 45, which in turn assigned the instrument to Churchill Funding I LLC, *id.* ¶ 46. TIMD-25 used

3

Assignor Entity's funds to renovate and improve the Henry property. *Id.* ¶ 47. In mid-January of 2019, Defendant Harper told Assignor Entity that the 1512 Henry Property was running over budget and behind schedule. *Id.* ¶ 50. Defendant Harper also represented that they would not be able to make payment. *Id.*

On March 24, 2021, Assignor Entity executed an assignment and transfer of the 1512 Henry Note to Plaintiff. *Id.* ¶ 52. On March 30, 2021, Assignor Entity also executed an assignment and transfer of the 1018 S. Bouldin Note to Plaintiff. *Id.* ¶ 32. Thus, Plaintiff holds and possesses all rights previously held by the Assignor Entity.

On March 31, 2021, Plaintiff filed the Complaint, asserting breach of contract and unjust enrichment against Defendants TIMD-20 and Harper, and anticipatory repudiation against Defendants TIMD-25 and Harper. ECF No. 1 ¶¶ 90, 105, 119. Plaintiff also asked for injunctive relief to prevent Defendants TIMD-25 and Harper from selling the 1512 Henry Property until payment is made on the Note, *id.* ¶ 125, and declaratory judgment against Defendants TIMD-20 and Harper regarding Plaintiff's right to assert a lien as a secured creditor on the 1018 S. Bouldin Property, *id.* ¶ 132. Plaintiff also asked for declaratory judgment for the right to assert a lien as a secured creditor as to the 1512 Henry Property. *Id.* ¶ 138. Plaintiff also asserted that Defendant Harper should be held liable for obligations attributable to TIMD-20 and TIMD-25 under veil-piercing and alter-ego theories. *Id.* ¶ 55.

Defendants were served and failed to timely respond to the Complaint. On May 4, 2021, Plaintiff moved for Clerk's Entry of Default as to all Defendants, ECF Nos. 13, 14, 15, which was granted on May 6, 2021, ECF No. 16. On June 3, 2021, Defendant Harper moved to vacate the order of default for all Defendants. ECF No. 20.

On January 21, 2022, the Court granted Defendant Harper's motion to vacate default but denied the motion as to Defendants TIMD-20 and TIMD-25. ECF No. 23. The Court explained that Defendants TIMD-20 and TIMD-25 are limited liabilities companies and thus must be represented by counsel. ECF No. 22. The Court ordered Defendant Harper to file a responsive pleading within 21 days and allowed 30 days to Defendants TIMD-20 and TIMD-25 to file a new motion to vacate through counsel. ECF No. 23. No Defendant filed a response.

On June 15, 2022, Plaintiff moved for default judgment as to all Defendants again. ECF No. 24. The next day, Plaintiff filed an emergency Motion for a Temporary Restraining Order. ECF No. 27. Plaintiff provided documentation showing that Defendants Harper and TIMD-25 had sold the 1512 Henry Street Property in April 2022. *See* ECF No. 27-1 at 38, 46. The Court held an *ex parte* hearing on the temporary restraining order and denied it without prejudice. ECF No. 29.

## II.     STANDARD OF REVIEW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment: rather, that decision is left to the discretion of the court*." Choice Hotels Intern., Inc. v. Savannah Shakti Carp.*, No. 11-cv-0438-DKC, 2011 WL 5118328, at * 2 (D. Md. Oct. 25, 2011) (citing *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D. Md. 2002)). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party[.]" *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005). Rule 54(c) of the Federal Rules of Civil Procedure limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." In entering default judgment, a court cannot, therefore, award additional damages "because the defendant could not reasonably have expected that his damages would exceed" the amount pled in the complaint. *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). "While the court may conduct an evidentiary hearing to determine damages, it is not required to do so; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum." *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013).

## III.    DISCUSSION[4]

The Court must determine whether it may grant default judgment against all three Defendants for lack of defense. *See* Fed. R. Civ. P. 55(b)(2). Next, it must determine whether default judgment is appropriate considering the allegations in the Complaint. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001). Finally, it must determine whether the requested damages are supported by the Complaint and other evidence in the record. *See Int'l Painters & Allied Trades Indus. Pension Fund*, 919 F. Supp. 2d at 684.

---

[4] The Court has diversity jurisdiction over this action. *See* 28 U.S.C. § 1332. Plaintiff is a citizen of the District of Columbia, and Defendants TIMD-20, TIMD-25, and Harper are citizens of Maryland. ECF No. 1 ¶¶ 1-4. The claimed damages are more than the statutory minimum. *Id.* ¶ 6.

**A.  Default Judgment**

Federal Rule of Civil Procedure 55(b)(2) allows the Court to grant default judgment against a defendant who has failed to appear or defend. The Clerk entered default against Defendants TIMD-20 and TIMD-25 on May 6, 2021. *See* ECF Nos. 16, 18, 19. Defendant Harper filed a Motion to Vacate Clerk's Entry of Default on June 3, 2021. ECF No. 20. On January 21, 2022, the Court denied the Motion as to Defendants TIMD-20 and TIMD-25. ECF Nos. 22, 23. The Court explained that TIMD-20 and TIMD-25 are limited liability corporations and thus may only appear through counsel. ECF No. 22 at 6. The Court granted these Defendants 30 days to file a renewed motion to vacate default judgment through counsel. Neither Defendant has appeared through counsel or otherwise responded since the Court's Order. Similarly, the Clerk previously entered default against Defendant Harper on May 6, 2021. ECF Nos. 16, 17. Defendant Harper filed a Motion to Vacate Clerk's Entry of Default on June 3, 2021, ECF No. 20, which the Court granted on January 21, 2022, ECF Nos. 22, 23. The Court ordered Defendant Harper to file a responsive pleading within 21 days. ECF No. 22. Defendant Harper filed a Motion to Dismiss on July 15, 2022, ECF No. . Thus, all Defendants have failed to defend in the action.

Next, the Court must consider whether default judgment is appropriate. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001). In this analysis, the Court must accept allegations as to Defendants' liability as true. *See Lawbaugh*, 359 F. Supp. 2d at 422. "The court must, therefore, determine whether the well-pleaded allegations in [the] complaint support the relief sought in this action." *Ryan*, 253 F.3d at 780 (citing *Weft, Inc. v. G.C. Inv. Assocs.*, 630 F. Supp. 1138, 1141 (E.D.N.C. 1986), *aff'd*, 822 F.2d 56 (table), 1987 WL

36124 (4th Cir. 1987)). The Court applies Maryland law in its analysis, as specified by the two Promissory Note Agreements. ECF No. 1 at 25, 29.

In the Complaint, Plaintiff first brought a breach of contract claim against Defendants TIMD-20 and Harper. Plaintiff alleges that Defendants TIMD-20 and Harper breached the Promissory Note Agreement for the 1018 S. Bouldin Street Property by failing to perform their obligations. ECF No. 1 ¶ 91. Plaintiff also alleges that Plaintiff sustained damages from the breach. *See id.* ¶¶ 98, 100. Plaintiff has stated a breach of contract claim. *See Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 655 (D. Md. 2015) ("The elements of a claim for breach of contract include 'contractual obligation, breach, and damages.'") (quoting *Kumar v. Dhanda*, 198 Md. App. 337, 17 A.3d 744, 749 (Md. Ct. Spec. App. 2011)).[5]

Plaintiff next brought an anticipatory repudiation claim against Defendants TIMD-25 and Harper. ECF No. 1 ¶ 118.[6] Plaintiff alleges that Defendants TIMD-25 and Harper definitively and specifically refused to make payment on the 1512 Henry Streety Property. ECF No. 1 ¶ 118. Plaintiff has stated an anticipatory repudiation claim. *See C. W. Blomquist & Co. v. Cap. Area Realty Invs.*, 270 Md. 486, 494, 311 A.2d 787, 791 (1973) ("Ordinarily, in order to constitute anticipatory repudiation, there must be a definite, specific, positive, and unconditional repudiation of the contract by one of the parties to the contract.").

Plaintiff next requested injunctive relief to prevent Defendants TIMD-25 and Harper from selling or further encumbering the 1512 Henry Street Property. ECF No. 1 ¶ 125. Plaintiff also requested an injunction to prevent the sale or further encumbrance of the 1018 S. Bouldin

---

[5] Plaintiff's second count (unjust enrichment or quantum meruit) was pled in the alternative to the breach of contract claim. ECF No. 1 ¶ 106.

[6] Plaintiff provided evidence later to show that Defendants TIMD-25 and Harper had sold the 1512 Henry Street Property for $550,000 on April 22, 2022. ECF No. 27-1 at 44, 46.

Street Property. *Id.* ¶ 143. Plaintiff alleges that sale or further encumbrance would cause Plaintiff irreparable harm because payments to Plaintiff may never be made. *Id.* ¶ 126. Plaintiff argues that the balance of remedies favors Plaintiff because the injunction would just preserve the status quo. *Id.* ¶ 128. Plaintiff has stated a claim for injunctive relief. *See Entrepreneur Media, Inc. v. JMD Ent. Grp., LLC*, 958 F. Supp. 2d 588, 596 (D. Md. 2013) ("Permanent injunctive relief is appropriate when a Plaintiff demonstrates (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.") (citing *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006) (internal quotations and citations omitted)).

Plaintiff also requested declaratory judgment as to Plaintiff's right to assert a lien as a secured creditor on the two properties. ECF No. 1 ¶¶ 132, 133. As to the 1018 S. Bouldin Street Property, Plaintiff asserts that while Plaintiff was originally in "second lien position," Defendants' obligation to the first creditor has been satisfied, and thus Plaintiff now stands as the first creditor as to lien rights. *Id.* ¶¶ 133, 134. Plaintiff also requests declaratory judgment that Plaintiff stands in "second lien position" on the 1512 Henry Street Property. *Id.* ¶ 140. Plaintiff asserts that one creditor stands in front of Plaintiff as to lien rights on the 1512 Henry Street Property. *Id.* ¶ 141. Plaintiff has stated a declaratory judgment claim. *See BnP Ventures, LLC v. G-Force Sportsfishing, Inc.*, 499 F. Supp. 3d 175, 179 (D. Md. 2020) ("This Court may enter a declaratory judgment '(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'") (quoting *Championship*

*Tournaments, LLC v. U.S. Youth Soccer Ass'n, Inc.*, No. 18-cv-2580-SAG, 2019 WL 6895876, at *2 (D. Md. Dec. 18, 2019) (internal citations omitted)).

Finally, Plaintiff alleges that Defendant Harper should be liable on these claims under the theories of "veil piercing" and "alter ego." ECF No. 1 ¶ 55. Plaintiff alleges that Harper engaged in fraud, that TIMD-20 and TIMD-25 are not in good standing with the Maryland Secretary of State, and that Harper was misappropriating funds, and therefore, there are no meaningful "separate personalities" between Harper and TIMD-20 and TIMD-25. *Id.* ¶¶ 56, 57, 82, 80. Plaintiff has adequately alleged that Defendant Harper should be liable on the claims under these theories. *See Harte-Hanks Direct Mktg./Baltimore, Inc. v. Varilease Tech. Fin. Grp., Inc.*, 299 F. Supp. 2d 505, 514 (D. Md. 2004) ("Among the factors to be considered in determining whether the corporate veil must be pierced to enforce a paramount equity are gross undercapitalization of the corporation, a dominant shareholder's siphoning of corporate funds, the absence of corporate records, or other indicators that the corporation is merely a facade for the shareholder's operations."); *Hildreth v. Tidewater Equip. Co.*, 378 Md. 724, 733, 838 A.2d 1204, 1209 (2003) ("[T]he 'alter ego' doctrine has been applied 'where the corporate entity has been used as a subterfuge and to observe it would work an injustice,' the rationale being that 'if the shareholders or the corporations themselves disregard the proper formalities of a corporation, then the law will do likewise as necessary to protect individual and corporate creditors.'") (quoting 1 William Meade Fletcher, Fletcher Cyclopedia of the Law of Private Corporations § 41.10 at 574–76 (1999 Rev. Vol.)).

Therefore, assuming the allegations in the Complaint are true, Plaintiff has established Defendant TIMD-20, TIMD-25, and Harper's liability.

**B.  Damages and Relief**

"If the court finds that liability is established, it must then turn to the determination of damages." *Int'l Painters & Allied Trades Indus. Pension Fund*, 919 F. Supp. 2d at 684 (citing Ryan, 253 F.3d at 780. "The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages." *Id.* (citing *Lawbaugh*, 359 F. Supp. 2d at 422). "[A]s long as the defendant receives notice that some damages may be awarded, allegations and supporting affidavits regarding damages suffice to support a default judgment for money damages." *Entrepreneur Media, Inc.*, 958 F. Supp. 2d at 597 (citing *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 796 (D. Md. 2010)).

In the record here are copies of the two Promissory Notes, ECF No. 1 at 23, 27, a declaration from the director and authorized representative of Plaintiff Iraola Group Inc., ECF No. 27-1, deeds of trust regarding the disputed properties, ECF No. 27-1 at 9, 15, 38, and documents showing the recent sale and transfer of the 1512 Henry Street Property, ECF No. 27-1 at 45, 46.

In the Complaint, for the breach of contract claim, Plaintiff requested damages of $69,160 plus late fees, reasonable attorneys' fees, costs, and pre-judgment interest. *Id.* ¶ 104. In the S. Bouldin Note, Plaintiff agreed to loan Defendant TIMD-20 $69,160 (a principal amount of $52,000 and fixed interest of $17,160) for the purchase and improvement of the 1018 S. Bouldin Street Property. *See* ECF No. 1 at 23. The Note specified that the loan would be repaid to Plaintiff "no later than 15 business days after the complete sale" of the 1018 S. Bouldin Street Property. *Id.* The Note also provided for the cost and expenses of collection, including reasonable attorneys' fees and costs, in the event of default on the payment of any principal or interest. *Id.* at 24. Finally, the Note also provides that the borrower shall pay additional late fees, at a rate of 10% per annum, until the loan is satisfied. *Id.* The requested monetary damages for

breach of contract are supported by the record. *See In re Cranston*, 387 B.R. 480, 484–85 (Bankr. D. Md. 2008) ("The amount of damages recoverable for breach of contract is that which will place the injured party in the monetary position he would have occupied if the contract had been properly performed.") (citing *Hall v. Lovell Regency Homes Ltd. P'ship*, 121 Md. App. 1, 12, 708 A.2d 344, 349 (1998)). Default judgment of $69,160 is entered against Defendants TIMD-20 and Harper. Plaintiff is directed to file supplementary briefing to establish reasonable attorneys' fees and costs, as well as pre-judgment interest.

For the anticipatory repudiation claim, Plaintiff requested damages of $117,000, as well as late fees, reasonable attorneys' fees, costs, and pre-judgment interest. ECF No. 1 ¶ 122. In the 1512 Henry Street Note, Plaintiff agreed to loan $117,000 (a principal amount of $90,000 and fixed interest of $27,000) to Defendant TIMD-25. ECF No. 1 at 27. The full repayment was due no later than 5 business days from a completed sale. *Id.* The Note also provided for late fees of 8% per annum and costs and expenses of collection including attorneys' fees and costs. *Id.* at 28. The requested damages for the anticipatory repudiation claim are supported by the record. *See Homeland Training Ctr., LLC v. Summit Point Auto. Rsch. Ctr.*, 594 F.3d 285, 294 (4th Cir. 2010) ("The doctrine of anticipatory breach has a well-defined function. It allows a plaintiff to bring a breach of contract action immediately, rather than having to wait for the promised non-performance actually to occur, which could be some time well into the future.") (citing Restatement (Second) of Contracts § 253(1)). Default judgment of $117,000 is entered against Defendants TIMD-25 and Harper. Plaintiff is directed to file supplementary briefing to establish reasonable attorneys' fees and costs, as well as pre-judgment interest.

As to the other relief, the Court may order appropriate injunctive relief in conjunction with a default judgment. *See, e.g.*, *Laborers' Dist. Council Pension v. E.G.S., Inc.*, No. 09-cv-

3174-WDQ, 2010 WL 1568595, at *5 (D. Md. Apr. 16, 2010) (citing *Flynn v. Jocanz, Inc.*, 480 F. Supp. 2d 218, 221 (D.D.C. 2007)). Similarly, the Court may issue a declaratory judgment as to Plaintiff's rights as a creditor on the two disputed properties. *See CitiMortgage, Inc. v. Holmes*, No. 13-cv-1641-DKC, 2015 WL 224944, at *2 (D. Md. Jan. 14, 2015). Plaintiff is directed to submit supplementary evidence in support of the requests for injunctive and declaratory relief.

## IV.    CONCLUSION

For the reasons discussed, the Motion is granted. Plaintiff is directed to file supplementary documentation so that the Court may determine additional relief. A separate Order follows.


Dated:  September 23, 2022                    /s/_____
                                             GEORGE J. HAZEL
                                             United States District Judge